United States District Court
Southern District of Texas
**ENTERED**
June 08, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN MICHAEL CAMPOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:23-CV-00119 |
| | § | |
| JAMES SALES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff John Michael Campos (TDCJ No. 2078114) is Texas inmate appearing *pro se* and *in forma pauperis*. He filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.

For purposes of screening and the reasons set forth below, the undersigned respectfully recommends that Plaintiff's claims against Defendants be **DISMISSED with prejudice** as frivolous and/or for failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The undersigned further respectfully recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.    PROCEDURAL BACKGROUND

Plaintiff filed this § 1983 civil rights action on May 4, 2023.  Plaintiff attempts to brings claims against persons who were involved in his state criminal prosecution in Beeville, Texas.  Plaintiff names as defendants:  (1) Assistant District Attorney James Sales, (2) Judge Star Bower III, (3) Beeville Police Officer Christopher Vasquez, and (4) DPS Trooper Donald Bolton.

Plaintiff alleges he was treated unfairly during the investigation and prosecution of his state criminal case.  He alleges the prosecutor and officers were biased, fabricated or presented false evidence and coerced witnesses.  (D.E. 9, D.E. 9-1).  He also alleges Judge Bower allowed falsified reports to support arrest and search warrants.  (D.E. 9, D.E. 9-1). Plaintiff further alleges Officer Vasquez and Trooper Bolton attempted to murder him during the execution of the search and arrest warrant in his case. (D.E. 9, D.E. 9-1). Plaintiff seeks $50,000,000 in monetary damages for pain and suffering and he seeks to have his conviction overturned.

Regarding the related criminal case, Plaintiff explains in his more definite statement that the case arose out of an alleged drive by shooting and alleged drug dealing.  (D.E. 9). Plaintiff was charged with murder, being a felon in possession of a firearm and possession

of controlled substances.  *State v. John Campos*, No. B-14-2134-0-Cr-B and B-15-2045-0-Cr-B, 36th Judicial District Court, Bee County Texas.  (D.E. 9).  Plaintiff pleaded not guilty to the murder charge and was tried and found guilty by a jury of the lessor included offense of deadly conduct.  (D.E. 9).  Plaintiff later pleaded guilty to the firearm and drug offenses.  Plaintiff was sentenced to 20 years custody for the deadly conduct charge, 32 and 22 years custody for two controlled substances offenses, and 20 years custody for the felon in possession of a firearm charge.  (D.E. 9).

## III.    LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).  A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."  *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).  A claim has no arguable basis in fact if "after providing the plaintiff the opportunity

to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law

if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

## IV.   DISCUSSION

### A.   *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994)

Plaintiff alleges a number of instances of misconduct against the prosecutor, judge and investigating officers in connection with his criminal cases.  Regardless how Plaintiff attempts to characterize his claims, he effectively seeks to challenge the validity of his criminal convictions or the lawfulness of his search and arrest.  As such, Plaintiff's claims are subject to dismissal pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87.  Plaintiff alleges he is seeking monetary damages.  However, to the extent he may also be seeking non-monetary damages, the *Heck* rule also applies where a plaintiff seeks injunctive or declaratory relief, which, if granted, would necessarily imply that a conviction is invalid.  *See Mann v. Denton Coty., Tex.*, 364 F. App'x 881, 883 (5th Cir. 2010); *Reger v. Walker*, 312 F. App'x 624, 625 (5th Cir. 2009).

Plaintiff's allegations involve the integrity of the criminal judicial proceedings for charges of which he has been convicted.  His convictions have not been overturned.  A ruling here in Plaintiff's favor in the instant case "would necessarily imply the invalidity of his" underlying criminal convictions.  *Heck*, 512 U.S. at 487.  Plaintiff's allegations in the instant case could have been raised at trial, appeal or in habeas proceedings.  The instant civil action is not the appropriate forum to challenge his convictions.  "The federal civil rights laws do not provide a vehicle to attack state court judgments nor to sanction the conduct of state court judges for actions taken within the scope of their judicial authority." *Bogney v. Jones,* 904 F.2d 272, 274 (5th Cir. 1990).  Plaintiff's claims involving the alleged irregularities in his criminal case are barred by *Heck* until those convictions are overturned.

Since no court has reversed or otherwise invalidated Plaintiff's conviction, his claims are barred by *Heck*.  Accordingly, it is respectfully recommended that Plaintiff's claims against Defendants be dismissed as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.[2]

### B.    Judicial and Prosecutorial Immunity

In addition to being barred by the principles in *Heck*, Plaintiff's claims against Judge Bauer and Assistant District Attorney Sales are also subject to dismissal based on the doctrines of judicial and prosecutorial immunity.  "Judges enjoy absolute judicial immunity for judicial acts performed in judicial proceedings." *Hobbs v. United States*, 73 F. App'x

---

[2] The Fifth Circuit has held that *Heck*-barred claims must be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

54, 55 (5th Cir. 2003) (*per curiam*) (citing *Mays v. Sudderth*, 97 F.3d 107, 110-11 (5th Cir. 1996)); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994) ("Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions.").  Section 1983 also provides absolute judicial immunity to judicial officers against claims for injunctive relief.  *See* 42 U.S.C. § 1983 ("In any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable").  Thus, the doctrine of absolute judicial immunity protects judges not only from liability but also from suit.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

"A prosecutor enjoys absolute immunity when her actions are 'intimately associated with the judicial phase of the criminal process.'" *Loupe v. O'Bannon*, 824 F.3d 534, 538 (5th Cir. 2016) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, (1976)).  Prosecutorial immunity protects prosecutors from all liability for their actions in connection with their official functions in the judicial phase of criminal proceedings even when they act maliciously, wantonly, or negligently. *Morgan v. Chapman*, 969 F.3d 238, 244 (5th Cir. 2020) (citing Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987))

Plaintiff's claims against Judge Bauer all involve actions and decisions she made as a judicial officer presiding over Plaintiff's criminal cases.  All of Plaintiff's claims against Assistant District Attorney Sales involve his actions in the course and scope of his employment as a prosecutor in criminal proceedings involving Plaintiff.   None of

Plaintiff's allegations against Judge Bauer or Mr. Sales involve conduct outside their respective judicial or prosecutorial roles.  Therefore, the undersigned also recommends Plaintiff's claims against Judge Bauer are barred by the doctrine of judicial immunity and Plaintiff's claims against Mr. Sales are barred by the doctrine of prosecutorial immunity.

### C.     Conclusory and Unsupported Factual Allegations

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally.  *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)).  *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

The undersigned has liberally construed Plaintiff's complaint, amended complaint, and questionnaire to give his claims fair and meaningful consideration.  The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time complying with applicable pleading and screening standards.  To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.  For example, Plaintiff

alleges the officers who arrested him were actually trying to murder him "by raid." (D.E. 9-1, Page 3). While such a claim could be construed as a claim for excessive force, Plaintiff has failed to allege any facts that would support such a claim.

In addition to warning Plaintiff that his claims were subject to dismissal under *Heck,* judicial immunity and prosecutorial immunity, the undersigned cautioned Plaintiff in the May 23, 2023 Order To File Amended Complaint that the allegations in his original complaint were factually deficient:

> Additionally, Plaintiff has not stated sufficient facts to state a claim. Plaintiff must allege sufficient facts in support of his legal conclusions that give rise to a reasonable inference that a defendant is liable. The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

(D.E. 8, Pages 2-3).

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555.

After cautioning Plaintiff on the deficiency of his original complaint and warning him his case was subject to being dismissed, Plaintiff was given an opportunity to "plead his best case" and was warned that he may not be given another opportunity to amend. (D.E. 8, Pages 3, 6). None of Plaintiff's pleadings correct the deficiencies of which he has

been cautioned or otherwise indicate that he has stated any viable claim that should survive this preliminary screening and frivolity review.

Therefore, the undersigned recommends Plaintiff's claim that law enforcement officers attempted to murder him should be dismissed on screening for failure to state a claim.  Further, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly.

## V.    CONCLUSION

For the reasons stated above, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), it is respectfully recommended that Plaintiff's civil rights action be **DISMISSED with prejudice** as frivolous until such time as Plaintiff satisfies the conditions set forth in *Heck*.

It is further respectfully recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of the Court be instructed to forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas" at Three_Strikes@txs.uscourts.gov."

 Respectfully submitted on June 8, 2023.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).